```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #: _____
                                              DATE FILED: 2/24/2026
```

Alejandro VERA ANGEL,

                Petitioner,

    -against-

Kenneth GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Attorney General,

                Respondents.

26 Civ. 1295 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Petitioner, Alejandro Vera Angel, who was detained by immigration authorities on February 11, 2026, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 2. By order dated February 13, 2026, the Court directed the government to file a letter by February 17, 2026, addressing, among other things, whether there is any basis to distinguish this case from *Cuy Comes v. DeLeon*, No. 25 Civ. 9283 (AT), 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025), and, if not, whether the government would consent to issuance of the writ and/or waive the right to answer, subject to preservation of the government's arguments for appeal. *See* ECF No. 1.

      The government filed its submission on February 17, 2026. *See* ECF No. 7. That letter states that "the government hereby relies upon, and incorporates by reference, the legal arguments it presented in [its opposition brief in] *Gonzalez v.* [*Joyce*, No. 25 Civ. 8250 (AT), 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)], and the Court can decide this issue without further briefing or answer from the government." *Id.* at 2. The Court adheres to its decisions in *Gonzalez* and *Cuy Comes*. Accordingly, and in light of the government's concession that the case can be "decide[d] . . . without further briefing or answer from the government," even as they "reserve[e] all rights, including the right to appeal," *id.*, the Petition is GRANTED.[1] The government is ordered to immediately release Vera Angel from custody.

      By **February 26, 2026** at **12:00 p.m.**, the Government shall file a letter certifying compliance with this order.

      Additionally, the government must brief its authority, if any consistent with this Order, to (1) redetain Vera Angel without a valid exercise of discretion; (2) deny bond to Vera Angel in any subsequent proceeding on the ground that he must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), absent a change in relevant circumstances; (3) invoke the automatic stay provision at 8 C.F.R.

---

[1] Having reviewed the Petition, the materials filed in support thereof, and the government's letter, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. 28 U.S.C. § 2243 (commanding courts to dispose of habeas petitions expeditiously "as law and justice require").

§ 1003.19(i)(2) in the event that Vera Angel is granted bond; or (4) impose any conditions or burdens on Vera Angel's liberty.  If, instead, the government confirms that it will take none of those steps with respect to Vera Angel without prior notice of at least one week provided to him and the Court, it need not file such briefing.  *See Quispe-Sulcaray v. Noem*, No. 25 Civ. 9908, 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025); *Perez Agustin v. Joyce*, No. 25 Civ. 10122 (AT), 2025 WL 3564494, at *4 (S.D.N.Y. Dec. 12, 2025).

    SO ORDERED.

Dated: February 24, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge